UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDY DUNLEA : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3:10-cv-214 (CFD) |
| : | |
| FEDERAL BUREAU OF PRISONS, et al. : | |
|     Defendants : | |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Wendy Dunlea ("Dunlea"), currently is confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). She brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the decisions of the Federal Bureau of Prisons ("BOP") and Former Warden D. Zickefoose to deny her permission to use of the Trust Fund Limited Computer System ("TRULINCS") to send electronic messages to her family and friends. For the reasons that follow, the petition is denied.

**I.     BACKGROUND**

Dunlea arrived at FCI Danbury in June 2007. At that time, FCI Danbury permitted her to use TRULINCS to send emails to her family and friends. In September 2007, an unidentified prison official at FCI Danbury revoked her TRULINCS privileges to the extent that she could not use it to send emails to family members and friends. She continued to be able to use TRULINCS to enter telephone numbers, print out mailing labels, transfer funds to purchase printing minutes, access the LexisNexis database and review her commissary transactions. In August 2009, Dunlea asked FCI Danbury Warden Zickefoose to reconsider the decision prohibiting her from using TRULINCS to email family and friends. Warden Zickefoose denied this request.

Dunlea asserts that in response to her attempts to remedy this problem through the inmate Administrative Remedy program, prison officials informed her that the decision to prohibit her use of TRULINCS to email others was because she had used a computer in the commission of the crimes for which she was serving her sentence at FCI Danbury. She complains that this is discriminatory and unfair, and seeks a court order directing respondents to permit her to use TRULINCS to send emails to family members and friends.

## II.   DISCUSSION

A challenge to a condition of confinement by a federal prisoner is properly brought by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See United States v. Huss*, 520 F. 2d 598, 603 (2d Cir. 1975) (section 2241 habeas petition "available to challenge a condition of custody which is 'in violation of the Constitution  or laws . . . of the United States . . . .'") (quoting 28 U.S.C. s 2241(c)(3)).

TRULINCS procedures are set forth in the Bureau of Prisons Policy Statement 5265.13.  See http://www.bop.gov/DataSource/execute/dsPolicyLoc (last visited Apr. 22, 2010).  Using TRULINCS, an inmate is permitted to send or receive electronic, computer-based, written messages to and from family members and friends in the community who are included on the inmate's electronic message contact list.  Thus, TRULINCS provides inmates with an alternative method of written communication.  The use of TRULINCS, however, is a privilege and the BOP has absolute discretion in determining whether to limit or deny the use of TRULINCS by an inmate.  *See* Program Statement 5265.13(2).  When the BOP determines that an inmate's use of the electronic messaging system would

threaten the safety or security of the public or a prison facility or interfere with the orderly operation of the prison facility, the inmate will not be permitted to use TRULINCS. *See id.*

In December 2006, in the United States District Court for the District of Maine, Dunlea, a former manager of the Bangor Savings Bank in Bucksport, Maine, pleaded guilty to one count of bank embezzlement and two counts of credit card fraud. In May 2007, a judge sentenced Dunlea to sixty-three months of imprisonment followed by five years of supervised release. *See Dunlea v. United States*, Civil No. 08-33-B-S, 2008 WL 2783284, at ** 1-2 (D. Me. July 15, 2008) (recommended ruling denying section 2255 motion), *aff'd*, 2008 WL 3876062 (D. Me. Aug. 20, 2008). Dunlea states that in September 2007 and again in August 2009, the BOP and Warden Zickefoose prohibited her from using TRULINCS to email her family and friends because she had used a computer to commit the crimes for which she was convicted and is currently incarcerated at FCI Danbury. The restrictions section of the TRULINCS Program Statement includes the following example of an inmate who would be excluded from electronic messaging: "an inmate with a personal history or special skills or knowledge of using computers/email/ Internet or other communication methods as a conduit for committing illegal activities." *See* Program Statement 5265.13(3). Dunlea concedes that she used a computer during her employment as a bank manager at Bangor Savings Bank. *See* Pet. Writ Habeas Corpus at 2. In addition, Dunlea's parents were the victims of her embezzlement schemes. *See Dunlea v. Federal Bureau of Prisons, et al.*, Civil Action No. 3:09-cv-2051 (CFD), 2010 WL 522715, at *1 (D. Conn. Feb. 8, 2010).

It is evident that Warden Zickefoose exercised her discretion to deny Dunlea the

privilege of using TRULINCS to email her friends and family because Dunlea met one of the criteria in the restrictions section of the TRULINCS Program Statement P45265.13(3)a.  Because the use of TRULINCS was a privilege, the BOP and Warden Zickefoose had complete discretion in determining whether Dunlea was entitled to use TRULINCS at all or on a limited basis and Dunlea does not assert that she was unable to communicate with her family and friends via telephone or United States mail, Dunlea's claim fails.

Furthermore, research reveals no authority supporting a constitutional right to send and receive electronic messages via computer or other electronic device.  *See e.g.*, *Glick v. Montana Dept. of Corrections*, No. CV 07-41-H-DWM, 2009 WL 2959730, at *2  (D. Mont. May 7, 2009) (adopting recommended ruling dismissing claim of denial of access to computer, email and other electronic communications because computer access is not a constitutional right and prohibition on use of computer and email did not violate free speech or expression because inmate had other means of communication available to him).  Moreover, BOP program statements are not statutes, or even regulations, but are instead administrative policy guidelines.  *See Reno v. Koray*, 515 U.S. 50, 61 (1995) (BOP's Program Statements are not "laws" within the meaning of the statute, because they do not constitute regulations promulgated in compliance with the requirements of the Administrative Procedure Act. Rather, they are internal agency guidelines that are "akin to ... interpretive rules"); *Miller v. Henman*, 804 F.2d 421, 426 (7th Cir.1986) (holding that BOP program manual "not promulgated under the Administrative Procedure Act or published in the Code of Federal Regulations ... does not create legally enforceable entitlements"); *Grubbs v. Greer*, Civil Action No. 5:07cv123-DCB-MTP, 2008 WL 3896697,

at *3 (S. D. Miss. Aug.19, 2008) (holding prison unit manager's failure to comply with "Program Statement 3420.09, or any other Program Statement . . . does not rise to the level of a constitutional violation") ; *Ortega v. Maynard*, No. Civ. A. 06-CV-084-HRW, 2006 WL 1877016, at * 2 (E. D. Ky. July 6, 2006)  (stating that mere violation of a BOP Program Statement or regulation does not implicate the constitution).  Thus, a violation of a program statement does not state a claim under 28 U.S.C. § 2241(c)(3) which requires that Dunlea allege that she is "in custody in violation of the Constitution or laws or treaties of the United States."  The court concludes that Dunlea has not suffered a violation of her constitutional or federally protected rights as a result of the defendants' refusal to permit her to use TRULINCS to send electronic messages to her friends and family.

Dunlea also alleges that the respondents violated Bureau of Prisons Policy Statement 1040.04 when they permitted other inmates who had committed similar fraud and embezzlement crimes to use TRULINCS to send electronic messages to others outside of the prison.  Policy Statement 1040.04 is entitled "Non-Discrimination Toward Inmates" and states that "Bureau staff shall not discriminate against inmates on the basis of race, religion, national origin, sex, disability or political belief.  This includes the making of administrative decisions and providing access to work, housing and programs."  *See* http://www.bop.gov/DataSource/execute/dsPolicyLoc (last visited Apr. 22, 2010).  Dunlea does not assert that the Warden or BOP discriminated against her on any of the bases included in Program Statement 1040.04.  Accordingly, the claim that respondents violated Program Statement 1040.04 is denied.

Even if the court were to construe Dunlea's claim as an equal protection claim under the Fourteenth Amendment to the United States Constitution, it fails.  To state a

valid equal protection "class of one" claim, a plaintiff must allege that he or "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Dunlea asserts that the respondents treated her differently from other inmates who had also been convicted of embezzlement and fraud involving manipulation of computer and accounting software by permitting those inmates to use TRULINCS to send electronic messages to family and friends. Dunlea alleges that respondents did not have a legitimate reason for treating her differently than these other inmates.

In 2008, the Supreme Court decided a case involving a "class of one" equal protection claim by a public employee against a state agency. *See Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 128 S. Ct. 2146 (2008). The Court held that 'a class-of-one' theory of equal protection has no place in the public employment context." *See id.* at 2148-49. The Court reasoned that "[t]here are some forms of state action ... which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments," and that "[i]n such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise." *Id.* at 2154.

Courts in this and other circuits have applied the holding in *Engquist* to bar class-of-one equal protection claims in cases involving discretionary decisions made outside the public employment context. *See Flowers v. City of Minneapolis*, 558 F.3d 794, 799 (8th Cir.2009) (applying *Engquist* to a "police officer's decisions regarding whom to investigate and how to investigate"); *United States v. Moore*, 543 F.3d 891, 901 (7th Cir. 2008)

(applying *Engquist* to challenges to decisions of prosecutorial discretion and noting "a class-of-one equal protection challenge, at least where premised solely on arbitrariness/irrationality, is just as much a 'poor fit' in the prosecutorial discretion context as in the public employment context"); *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1274 (11th Cir. 2008) (applying reasoning of *Engquist* to government-contractor relationship); *Seymour's Boatyard, Inc. v. Town of Huntington*, No. 08-CV-3248 (JG)(AKT), 2009 WL 1514610, at **7-9  (E.D.N.Y. June 1, 2009) (extending *Engquist* to bar use of the class-of-one theory to challenge town's revocation of license to operate a moor and launch from a town beach); *Tarantino v. City of Hornell*, 615 F. Supp. 2d 102, 117 n. 11 (W.D.N.Y. 2009) (extending *Engquist* to bar class-of-one challenge to town code provisions governing rental property, due to the degree of discretion involved); *Upthegrove v. Holm*, No. 09-cv-206-bbc, 2009 WL 1296969, at *1 (W. D. Wis. May 7, 2009) (Crabb, J.) (holding that *Engquist' s* rationale precludes application of class-of-one theory in context of prison employee's decision regarding whether inmate could wear jacket at a particular time); *Bissessur v. Indiana Univ. Bd. of Trustees*, No. 1:07-CV-1290-SEB-WTL, 2008 WL 4274451, at *9 (S. D. Ind. Sept.10, 2008) (extending *Engquist* to bar use of the class-of-one theory to challenge school's decision to expel student); *Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 245 (S.D.N.Y.2008) (extending *Engquist* to bar class-of-one challenge to parole board's decision to deny parole, because of the necessarily subjective and individualized nature of such decisions).  Following *Enquist*, in order to state an equal protection class-of-one claim, Dunlea must also show that the difference in treatment regarding her use of TRULINCS to email her family and friends resulted from

non-discretionary federal action.

As discussed above, the BOP and Warden Zickefoose have complete discretion in determining whether an inmate may use TRULINCS. Because plaintiff has failed to allege that the decisions of the respondents in denying her use of TRULINCS to email her family or friends were non-discretionary, her class-of-one claim equal protection claim fails and is denied.

### III.     CONCLUSION

Dunlea's petition for writ of habeas corpus [**Dkt. #1**] is **DENIED**. The court concludes that the petition does not present a question of substance for appellate review. Accordingly, a certificate of appealability will not issue. The court also concludes that any appeal from this order would not be taken in good faith.

The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated this 26th day of April 2010, at Hartford, Connecticut.


/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge